IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

VETERAN MEDICAL PRODUCTS, INC.,
a Michigan corporation,
TILLMAN INDUSTRIES, INC.,
a Michigan corporation, and
JOSEPH SZYPERSKI, PATRICK EDDY,
JOHN KOTWICK, MARK LONGCORE,
RYAN HEIDENFELD, individually,

       Plaintiffs,

v.

BIONIX DEVELOPMENT CORPORATION,
and ANDREW J. MILLIGAN,

       Defendants.

Civil Action No. __1:05CV0655__

**Gordon J. Quist
U.S. District Judge**

**COMPLAINT FOR
DECLARATORY JUDGMENT**

**JURY TRIAL DEMAND**

Plaintiffs Veteran Medical Products, Inc., Tillman Industries, Inc., Joseph Szyperski, Patrick Eddy, John Kotwick, Mark Longcore, Ryan Heidenfeld (collectively "Plaintiffs") file this complaint for declaratory judgment against Defendants Bionix Development Corporation and Andrew J. Milligan, Ph.D. (collectively "Defendants") and in support thereof allege as follows:

### I: THE PARTIES

1.     Plaintiff Veteran Medical Products, Inc. ("Veteran"), is a Michigan corporation with a principal place of business at 574 South Division Street, Suite 13, Grand Rapids, Michigan 49503.

2.     Plaintiff Tillman Industries, Inc. ("Tillman"), is a Michigan corporation, with a principal place of business at 574 South Division Street, Suite 14, Grand Rapids, Michigan 49503.

3.      Plaintiff Joseph Szyperski is a citizen of the state of Michigan, who lives and works in this district.

4.      Plaintiff Patrick Eddy is a citizen of the state of Michigan, who lives and works in this district.

5.      Plaintiff John Kotwick is a citizen of the state of Michigan, who lives and works in this district.

6.      Plaintiff Mark Longcore is a citizen of the state of Michigan, who lives and works in this district.

7.      Plaintiff Ryan Heidenfeld is a citizen of the state of Michigan, who lives and works in this district.

8.      On information and belief, Defendant Bionix Development Corporation ("Bionix") is an Ohio corporation, with a principal place of business in Toledo, Ohio.

9.      On information and belief, Andrew J. Milligan is a citizen of the state of Ohio and President and Chief Executive Officer of Bionix.

10.     On information and belief, Bionix has substantial contacts within this district and in the state of Michigan.

## II: JURISDICTION AND VENUE

11.     Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338 and 28 U.S.C. §§ 2201 and 2202.

12.     Venue in this district is proper under 28 U.S.C. § 1391(b) and (c).

### III: PATENT IN SUIT

13.     United States Patent No. D423,669 ("the '669 Patent") entitled "Curette" to James J. Huttner and David I. Kinsel, both of Sylvania, Ohio, issued on April 25, 2000, to Bionix Development Corporation (Exhibit A).

### IV: BACKGROUND

14.     On September 7, 2005, Defendant Milligan telephoned Plaintiff Veteran and accused the Plaintiffs of infringement of the '669 Patent and demanded that Plaintiff Veteran cease such infringement.

15.     On September 9, 2005, Plaintiff Veteran telephoned Defendant Milligan, wherein Defendant Milligan again accused the Plaintiffs of infringement of the '669 Patent and misappropriation of certain undefined, alleged trade secrets and again demanded that Plaintiff Veteran cease such infringement.

16.     On September 14, 2005, Defendant Milligan called Classic Die, a supplier of tooling for Plaintiff Veteran, and a party with whom Plaintiff Veteran has a pre-existing business relationship, wrongly accusing both Classic Die and Plaintiff Veteran of infringement of the '669 Patent, seeking to interfere with such pre-existing business relationship.

17.     On September 16, 2005, Defendant Milligan again called Plaintiff Veteran and repeated the allegation of infringement of the '669 Patent and misappropriation of certain undefined, alleged trade secrets and demanded that Plaintiff Veteran cease such infringement.

18.     On September 20, 2005, Defendants wrote to Plaintiffs accusing the same of infringement of the '669 Patent, and demanding that such infringement cease under pain of an express threat of imminent litigation.

19.     Such conduct has placed Plaintiffs under a reasonable apprehension of litigation relating to the accused infringement of the '669 Patent.

## V: ACTUAL CONTROVERSY

20.     Defendants have vigorously asserted infringement of the '669 Patent against Plaintiffs and have threatened a suit for damages (35 U.S.C. §§ 283, 284), injunctive relief, and attorneys fees (35 U.S.C. § 285).

21.     Defendants have vigorously asserted that their alleged trade secrets have been misappropriated by the Plaintiffs and have threatened a suit for injunctive relief and damages and for attorneys fees.

22.     Plaintiffs do not infringe the '669 Patent.

23.     None of the Plaintiffs, individually or collectively, have misappropriated any trade secret of either of the Defendants.

24.     An actual controversy under 28 U.S.C. §§ 2201 and 2202 exists between the Plaintiffs and the Defendants as to infringement of the '669 Patent and as to misappropriation of alleged trade secrets of the Defendants.

WHEREFORE, Plaintiffs respectfully request:

A.     a declaration that the '669 patent is not infringed by the Plaintiffs;

B.     a declaration that no trade secrets of Defendants have been misappropriated by any Plaintiffs;

C.     an award of Plaintiffs' attorneys fees;

D.     an award of Plaintiffs' costs;  and

E.     such other relief as is proper and appropriate under the circumstances.

## COUNT I:  FEDERAL UNFAIR COMPETITION

25.   Plaintiffs incorporate by reference the allegations of paragraphs 1-24 of the Complaint.

26.   The foregoing statements by Defendants constitute false or misleading descriptions of fact or false or misleading representations of fact in violation of § 43(a) of the Lanham Act, 16 U.S.C. § 1125(a).

27.   Upon information and belief, Defendants' wrongful conduct has been willful and was specifically undertaken for the purpose of injuring Plaintiffs and benefiting Defendants.

28.   The foregoing has caused serious and irreparable injury to Plaintiffs for which there is no adequate remedy at law.

WHEREFORE, Plaintiffs pray:

A.   that a judgment be entered in favor of Plaintiffs and against Defendants;

B.   that Defendants, their officers, agents and affiliates be preliminarily and presently enjoined from continuing to make false statements relating to Plaintiffs' products and commercial activities;

C.   that Plaintiffs be awarded Defendants' profits accruing as a result of the wrongful conduct, the damages sustained by Plaintiffs, and the costs of this action, and that such award of damages be trebled in view of Defendants' willful conduct;

D.   that Plaintiffs be awarded reasonable attorneys' fees, this case being exceptional; and

E.   that Plaintiffs be awarded such other relief the Court deems just and proper.

## COUNT II: MICHIGAN COMMON LAW AGAINST UNFAIR COMPETITION

29.    Plaintiffs incorporate by reference the allegations of paragraphs 1-28 of the Complaint.

30.    The foregoing false statements of Defendants are false and defamatory in material respects; have been communicated to third persons; were known to be false by Defendants; were made with actual malice in that they were known to be false and were intended to injure Plaintiffs; and have caused serious injury to the business and reputation of Plaintiffs. In addition, the foregoing actions have disparaged the products of Plaintiffs and constitute product disparagement. All of the foregoing wrongful activities constitute violations of Michigan common law of unfair competition, business defamation and product disparagement.

WHEREFORE, Plaintiffs pray:

A.    that a declaratory judgment be issued declaring that the foregoing practices are unlawful;

B.    that Defendants, their officers, agents and affiliates be preliminarily and presently enjoined from continuing to make false statements relating to Plaintiffs' products and commercial activities;

C.    that Plaintiffs be awarded actual damages resulting from Defendants' wrongful conduct, together with costs; and

D.    that Plaintiffs be awarded such other relief the Court deems just and proper.

## COUNT III: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

31.    Plaintiffs incorporate by reference the allegations of paragraphs 1-30 of the Complaint.

32.    In the course of the foregoing wrongful conduct, Defendants have made direct contact with at least one supplier of Plaintiffs and have knowingly made the following false representations (among others) to them: (a) that Defendants hold valid and enforceable patent

6

rights; and (b) that the products of Plaintiffs and use thereof misappropriates and constitutes and infringement of Defendants' allegedly valid patent rights.

33.    These representations have been and are being made for the specific purpose of wrongfully interfering with and inducing the disruption of existing business relationships between Plaintiffs and their suppliers, and they are having this effect.

WHEREFORE, Plaintiffs pray:

A.    that a declaratory judgment be issued declaring that the foregoing practices are unlawful;

B.    that Defendants, their officers, agents and affiliates be preliminarily and presently enjoined from continuing to make false statements to suppliers, customers, or prospective customers of Plaintiffs;

C.    that Plaintiffs be awarded actual damages resulting from Defendants' wrongful acts, together with costs; and

D.    that Plaintiffs be awarded such other relief the Court deems just and proper.

## JURY DEMAND

Plaintiffs respectfully demand a trial by jury on each and every issue, question, and/or Count so triable.

Respectfully submitted,

Dated: Sept. 23, 2005

Steven L. Underwood (P60111)
Eugene J. Rath III (P50675)
PRICE, HENEVELD, COOPER, DEWITT &
LITTON, LLP
695 Kenmoor, S.E.
P.O. Box 2567
Grand Rapids, Michigan 49501
616.949.9610
*Attorneys for Plaintiffs*

7