UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VETERAN MEDICAL PRODUCTS, INC., *et al.*,

        Plaintiffs,

                                   Case No. 1:05-cv-655
v.                                        Hon. Hugh W. Brenneman, Jr.

BIONIX DEVELOPMENT CORPORATION,
 *et al.*,

        Defendants.
_____/

## ORDER

This matter is now before the court on "Plaintiffs' Motion in Limine No. 1: to preclude mention of other Roosevelt Tillman lawsuits and businesses other than those involved in this case, and to preclude the testimony of Jeff Hunt" (docket no. 82), and, "Plaintiffs' Motion in Limine No. 2: to preclude defendants from calling the information at issue in this case 'trade secrets'" (docket no. 83).

### 1.      Motion in Limine No. 1

In this motion, plaintiffs seek to preclude defendants and their witnesses from attempting to introduce into evidence: (1) "any information regarding Roosevelt Tillman's businesses or business relationship outside of the companies involved in this lawsuit;" (2) "any lawsuits in which Roosevelt Tillman or his companies have been involved other than this one or the related case in Ohio;" and (3) "any testimony from Jeff Hunt." Plaintiffs contend that this evidence is not relevant and inadmissible.

Fed. R. Evid. 401 provides that "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action

more probable or less probable than it would be without the evidence." Fed. R. Evid. 402 points out that "[a]ll relevant evidence is admissible, except as otherwise provided . . . by these rules," and that "[e]vidence which is not relevant is not admissible." Finally, pursuant to Fed. R. Evid. 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."

Plaintiffs' request is vague, failing to identify any specific evidence or testimony that should be excluded. The court will not issue a blanket exclusion for any evidence which, to use plaintiffs' own words, may cast Tillman in a "negative fashion."

Second, evidence of Tillman's business experience is relevant to issues in this suit. As the court previously pointed out, based on circumstantial evidence, a jury could reasonably infer that plaintiffs misappropriated at least some portions of Bionix's ear curette business plan. Such circumstantial evidence could include Tillman's lack of experience in the manufacture of medical devices, Tillman's lack of knowledge of ear curettes, Tillman Industries' ability to secure a committed customer for ear curettes with no experience in that area, and Tillman Industries' ability to create an extensive ear curette marketing plan within one month of securing that customer. Similarly, Tillman's litigation history could be relevant, depending upon the litigation concerned.

Third, plaintiff presents no evidence as to the substance of Jeff Hunt's testimony. Plaintiff points out that Jeff Hunt's father, Craig Hunt, allegedly created and maintains a website critical of Tillman, entitled www.whoistillman.com, which chronicles Tillman's lawsuits and business dealings. Assuming that Craig Hunt maintains this website, such activity does not automatically exclude his son, Jeff Hunt, from testifying in this action.

Accordingly, plaintiffs' Motion in Limine No. 1 (docket no. 82) is **DENIED** without prejudice to plaintiffs raising any appropriate evidentiary objections at trial.

### 2.    Motion in Limine No. 2

Plaintiffs seek to prevent defendants from referring to the alleged misappropriated information as "trade secrets" or "confidential." Plaintiffs contend that the use of these terms will be outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. Fed. R. Evid. 403. Apparently, plaintiffs are concerned that defendants' reference to certain information as a "trade secret" is in effect a legal conclusion, from which the jury may conclude that the information was actually a "trade secret" as defined under the Michigan Uniform Trade Secrets Act ("MUTSA"), M.C.L. § 445.1901 *et seq.* In this regard, plaintiffs present no basis for restricting defendants' use of the term "confidential," which is not defined in MUTSA.

"The first element a plaintiff alleging misappropriation of trade secrets must prove is that the information at issue actually constitutes a 'trade secret.'" *Mike's Train House, Inc. v. Lionel, L.L.C.*, 472 F.3d 398, 410 (6th Cir. 2006). MUTSA defines a "trade secret" as:

> information, including a formula, pattern, compilation, program, device, method, technique, or process, that is both of the following:
>
>> (i) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.
>>
>> (ii) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

M.C.L. § 445.1902(b).

Defendants have not identified any expert witnesses. Consequently, any testimony regarding a "trade secret" will be given by a lay witness, and is limited to those opinions or

inferences which are "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of [Fed. R. Evid.] 702." Fed. R. Evid. 701.

In *Torres v. County of Oakland*, 758 F.2d 147 (6th Cir. 1985), the court discussed the problem raised by plaintiffs, i.e., testimony that contains a legal conclusion:

> The problem with testimony containing a legal conclusion is in conveying the witness' unexpressed, and perhaps erroneous, legal standards to the jury. This "invade[s] the province of the court to determine the applicable law and to instruct the jury as to that law." *F.A.A. v. Landy*, 705 F.2d 624, 632 (2d Cir.), *cert. denied*, 464 U.S. 895, 104 S.Ct. 243, 78 L.Ed.2d 232 (1983). *See also Marx & Co. v. Diner's Club, Inc.*, 550 F.2d 505, 509-10 (2d Cir.), *cert. denied*, 434 U.S. 861, 98 S.Ct. 188, 54 L.Ed.2d 134 (1977) ("It is not for witnesses to instruct the jury as to applicable principles of law, but for the judge."); 3 J. Weinstein & M. Berger, *supra*, at ¶ 704[02], page 704-11. Although trial judges are accorded a relatively wide degree of discretion in admitting or excluding testimony which arguably contains a legal conclusion, *see Stoler v. Penn Central Transportation Co.*, 583 F.2d 896, 899 (6th Cir.1978), that discretion is not unlimited. This discretion is appropriate because it is often difficult to determine whether a legal conclusion is implicated in the testimony. *See, e.g., Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir.1983) ("The task of separating impermissible questions which call for overbroad or legal responses from permissible questions is not a facile one."); *Wade v. Haynes*, 663 F.2d 778, 783-84 (8th Cir.1981), *aff'd sub nom. Smith v. Wade*, 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983).
>
> The best resolution of this type of problem is to determine whether the terms used by the witness have a separate, distinct and specialized meaning in the law different from that present in the vernacular. If they do, exclusion is appropriate. *See United States v. Hearst*, 563 F.2d 1331, 1351 (9th Cir.1977), *cert. denied*, 435 U.S. 1000, 98 S.Ct. 1656, 56 L.Ed.2d 90 (1978) (testimony is not objectionable as containing a legal conclusion where the "average layman would understand those terms and ascribe to them essentially the same meaning intended"). Thus, when a witness was asked whether certain conduct was "unlawful," the trial court properly excluded the testimony since "terms that demand an understanding of the nature and scope of the criminal law" may be properly excluded. *See Baskes*, 649 F.2d at 478. *See also Owen*, 698 F.2d at 239-40 (trial court properly excluded testimony on "cause" of the accident when there was no dispute as to the factual "cause" of the accident but only the legal "cause" of the accident); *Christiansen v. National Savings*

4

> *and Trust Co.*, 683 F.2d 520, 529 (D.C.Cir.1982) (inadmissibility of conclusion that
> defendants held a "fiduciary" relationship to plaintiffs); *Strong v. E.I. DuPont de
> Nemours Co.*, 667 F.2d 682, 685-86 (8th Cir.1981) (trial court properly excluded
> expert's testimony that defendant's warnings were "inadequate" and that the product
> was therefore "unreasonably dangerous"); *Stoler*, 583 F.2d at 898-99 (trial court
> properly excluded testimony that a railroad crossing was "extra hazardous," a legal
> term of art under governing law, since it "amounted to a legal opinion").

*Torres,* 758 F.2d at 150 -151.

Plaintiffs have expressed a legitimate concern that defendants will use the terms "trade secret" and "confidential" in such a manner as to mislead the jury.  However, the court notes that while the term "trade secret" has a specific meaning under MUTSA, it is widely used by the general public in a manner which the "average layman would understand those terms and ascribe to them essentially the same meaning intended [by the statute]." *Torres*, 758 F.2d at 151, *quoting Hearst*, 563 F.2d at 1351.

In summary, the court concludes that use of the term "trade secret" will not be outweighed by the dangers of unfair prejudice to plaintiffs, confusing the issues or misleading the jury.  *See* Fed. R. Evid. 403.  Accordingly, plaintiffs' Motion in Limine No. 2 (docket no. 83) is **DENIED**.

Nevertheless, in an abundance of caution, the court invites the parties to submit an appropriate instruction prior to the commencement of trial, essentially advising the jury (1) that a witness' or attorney's reference to certain information as a "trade secret" should be viewed as nothing more than a descriptive term of no legal effect, and (2) that the jury must follow the court's instructions in determining whether any particular information is a "trade secret" under Michigan law.

**IT IS SO ORDERED.**

Dated:  April 11, 2008                              /s/ Hugh W. Brenneman, Jr.
                                                    HUGH W. BRENNEMAN, JR.
                                                    United States Magistrate Judge

6