UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VETERAN MEDICAL PRODUCTS, INC.
*et al.*,

          Plaintiffs,

                                       Case No. 1:05-cv-655
v.                                      Hon. Hugh W. Brenneman, Jr.

BIONIX DEVELOPMENT CORPORATION,
 *et al.*,

          Defendants.

_____/

## ORDER

This matter is now before the court on defendants' "Rule 62(b) motion for stay of execution or enforcement of judgment pending ruling on motion for judgment as a matter of law" (docket no. 124).

### Procedural background

On September 23, 2005, plaintiffs filed a complaint requesting declaratory, injunctive and monetary relief. They identified the patent in suit as United States Patent No. D423,669 ("the '669 Patent"), entitled "Curette," issued to defendant Bionix Development Corporation on April 25, 2000. Compl. at ¶ 13. Plaintiffs alleged that defendants accused them of infringement of the '669 Patent, and demanded "that such infringement cease under pain of an express threat of imminent litigation." Compl. at ¶ 18. In § V of the complaint, entitled "Actual Controversy," plaintiffs sought: a declaration that the '669 Patent was not infringed by them; a declaration that they had not misappropriated any of defendants' trade secrets; and an award of attorney fees, costs and "such other relief as is proper and appropriate under the circumstances." Plaintiffs' claim for attorney fees

was brought pursuant to 35 U.S.C. § 285 (the "§ 285 claim"), which provides that the court may award reasonable attorney fees to the prevailing party "in exceptional cases" of patent infringement litigation.

Plaintiffs' complaint also included three separately numbered counts for federal unfair competition, Michigan common law unfair competition, and tortious interference with business relationships. *See* Compl. Counts I, II and III. For their part, defendants filed three counterclaims alleging infringement of the '669 patent, misappropriation of trade secrets in violation of Michigan law, and willful and malicious misappropriation of trade secrets. *See* Answer and Counterclaims.

On October 18, 2007, the court granted plaintiffs' action for declaratory judgment "to the extent that it seeks a declaration that the '669 Patent is not infringed by the plaintiffs" and dismissed defendants' counterclaim based on infringement of the '669 Patent. Then, on March 13, 2008, the court granted plaintiffs' motion for summary judgment "as to defendants' second and third counterclaims for misappropriation of the technical information for producing a plastic ear curette."

For purposes of trial, plaintiffs' Counts I, II and III were combined into two claims for the jury, i.e., an unfair competition claim under Federal law and an unfair competition claim under Michigan state law. Trial Trans. Day 5 at pp. 68-83. Similarly, defendants' second and third counterclaims were combined into a single claim for misappropriation of a trade secret under Michigan law. *Id.* at pp. 83-86. The parties also submitted jury instructions for the § 285 claim. See Stipulated Proposed Jury Instruction nos. 31 and 32 (docket no. 88). However, the court determined that the § 285 claim was an issue of law and fact to be decided by the trial judge rather

than the jury and that plaintiffs would submit this claim to the court after the jury rendered its verdict.  Trial Trans. Day 5 p. 113.

On Friday, April 18, 2008, the jury reached a verdict in favor of plaintiffs.  The next business day, Monday, April 21, 2008, the court entered a judgment in plaintiffs' favor against defendant Bionix Development Corporation in the amount of $99,500.00 and against defendant Dr. Andrew Milligan in the amount of $99,500.00.  *See* docket no. 118.  On April 28, 2008, plaintiffs filed their motion for the § 285 claim.  *See* docket no. 119.  Then, on May 1, 2008, defendants filed their motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b) and the present motion to stay execution or enforcement of judgment pursuant to Fed. R. Civ. P. 62(b).  *See* docket nos. 122, 124.

### Discussion

Defendants brought their motion for a stay pursuant to Rule 62(b)(1), which provides that "[o]n appropriate terms for the opposing party's security, the court may stay the execution of a judgment--or any proceedings to enforce it--pending disposition of any of the following motions: (1) under Rule 50, for judgment as a matter of law[.]"  However, Rule 62(b)(1) is inapplicable in this case.  The April 21st judgment did not adjudicate all of the claims between all of the parties, specifically, defendants' § 285 claim for attorney fees.  Such a judgment is not a "final judgment" under Fed. R. Civ. P. 54(b), which provides in pertinent part as follows:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

3

Here, the April 21st judgment is a non-final judgment, because it did not adjudicate all claims between the parties and the court did not determine that there was no just reason for delay in entering a final judgment pursuant to Rule 54(b).

In *National Union Fire Insurance Company of Pittsburgh, Pennsylvania v. Gilbert*, Nos. 93-1663, 93-1751, 1994 WL 520883 (6th Cir. Sept. 21, 1994), the Sixth Circuit determined that in the absence of a Rule 54(b) certification of finality, the plaintiff could not execute a garnishment against the defendant based upon a non-final judgment. While *National Union* is an unpublished opinion, the rationale expressed in the opinion applies here:

> The issue in this appeal is whether garnishment may be executed upon a non-final judgment. Execution ordinarily may issue only upon a final judgment. *Gerardi v. Pelullo*, 16 F.3d 1363, 1371 n. 13 (3d Cir.1994); *International Controls Corp. v. Vesco*, 535 F.2d 742, 744 (2d Cir.1976) ("It is well-established that 'execution ordinarily may issue only upon a final judgment.' "); *Redding & Co. v. Russwine Constr. Corp.*, 417 F.2d 721, 727 (D.C.Cir.1969). *See also* 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2661 at 128-29 (1983); *Gauthier v. Crosby Marine Serv., Inc.*, 590 F.Supp. 171, 175-76 (E.D.La.1984); *In re Uranium Antitrust Litigation*, 473 F.Supp. 382, 390 (N.D.Ill.1979). "[A] judgment that is not otherwise final, i.e., usually meaning final as to all issues and parties, is not subject to execution until the certification under Rule 54(b) is entered." *Gerardi*, 16 F.3d at 1371 n. 13. The rationale for requiring a Rule 54(b) certification of finality prior to permitting execution on an otherwise non-final judgment is to declare the finality of the order so that the losing party is able and required either to file a timely appeal or pay the judgment. *Redding*, 417 F.2d at 727.
>
> Thus, unless the June 1992 order was a final judgment, National Union could not execute upon it. In other words, because there were parties remaining in the district court with claims not yet disposed of, absent a Rule 54(b) certification of finality, the district court should have quashed National Union's attempted garnishment of Gilbert's assets.

*National Union*, 1994 WL 520883 at *2-3 (footnote omitted). *See also*, *United States v. Hansel*, 182 F.R.D. 7, 8-9 (N.D.N.Y. 1998) (a motion to stay enforcement of a judgment under Rule 62 is premature and unnecessary, where the judgment did not adjudicate the rights an liabilities of all the

parties and no final judgment was entered upon a determination that there was no just cause to delay its entry).[1]

   In summary, the April 21st judgment is not a "final judgment" under Rule 54(b). Because plaintiffs cannot execute or enforce this non-final judgment, defendants' Rule 62(b) motion for stay of execution or enforcement of judgment is premature. *See National Union*, 1994 WL 520883 at *2-3; *Hansel*, 182 F.R.D. at 8-9. Accordingly, defendants' motion (docket no. 124) is **DENIED**.

   **IT IS SO ORDERED.**


Dated:  September 4, 2008        /s/ Hugh W. Brenneman, Jr.
                   HUGH W. BRENNEMAN, JR.
                   United States Magistrate Judge

---

[1] If the court had determined that the April 21st judgment was a "final judgment" under Rul 54(b), then the court could have stayed enforcement of this judgment until it entered "a later judgment or judgments." Fed. R. Civ. P. 62(h).