UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VETERAN MEDICAL PRODUCTS, INC., *et al.*,

        Plaintiffs,

v.

        Case No. 1:05-cv-655
        Hon. Hugh W. Brenneman, Jr.

BIONIX DEVELOPMENT CORPORATION,
 *et al.*,

        Defendants.
_____/

**ORDER REGARDING BILL OF COSTS**

This matter is before the court on plaintiff's second bill of costs (docket no. 139). This case involved issues to be determined by both the court and the jury.

**I.    Background**

On April 18, 2008, the jury entered a verdict in favor of plaintiffs in the amount of $199,000.00 and the court subsequently entered a judgment in favor of plaintiffs in that amount. *See* docket no. 118. On April 28, 2008, plaintiffs submitted their motion for a finding that defendants' unsuccessful patent infringement counterclaim was an "exceptional case" warranting award of attorney fees pursuant 35 U.S.C. § 285. *See* docket no. 119. On May 1, 2008, defendants moved for judgment as a matter of law. *See* docket no. 122.

On May 20, 2008, plaintiffs submitted a bill of costs in the amount of $16,457.96 (docket no. 130), pursuant to W.D. Mich. LCivR 54.1, which provides as follows:

> If the parties in a case can agree on costs, it is not necessary to file a cost bill with the Clerk. If the parties cannot agree, a bill of costs shall be filed with the Clerk within thirty (30) days from the entry of judgment. If a bill of costs is filed, any party objecting to the taxation of costs must file a motion to disallow all or part of

the claimed costs within ten (10) days of service of the bill of costs on that party. The motion and response thereto shall be governed by LCivR 7.1 and 7.3

W.D. Mich. LCivR 54.1. Defendants filed a timely document entitled "Memorandum in opposition to plaintiff's bill of costs" (docket no. 132).[1]

The court considered and granted defendants' motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b) and entered an amended judgment which reduced plaintiffs' damages to $0.00. *See* docket nos. 136, 137 and138. The court also granted plaintiffs' motion for attorney fees pursuant to 35 U.S.C. § 285 and directed plaintiffs to submit an affidavit with supporting documents justifying their claim for attorney fees. *See* docket nos. 136 and137. Shortly after entry of the amended judgment, plaintiffs filed a second bill of costs in the identical amount of $16,457.96. *See* docket no. 139. Defendants did not file a motion to disallow the second bill of costs. On March 16, 2010, the court awarded plaintiffs attorney fees pursuant to § 285 in the amount of $59,308.00 and entered a final judgment in this matter. *See* docket nos. 146 and 147.

Based on this record, both the first and second bill of costs were premature, because the court had not issued a final judgment in this matter. *See* Fed. R. Civ. P. 54(a) (" 'Judgment' as used in these rules includes a decree and any order from which an appeal lies"). For this reason, the court has held the bill of costs in abeyance until entry of a final judgment. The court having ruled on the attorney fees sought under § 285 and final judgment having now been entered in favor of plaintiffs, the court will address the bill of costs.

---

[1] Defendants' memorandum was not filed as a motion to disallow costs as required by W.D. Mich. LCivR 7.1, 7.3 and 54.1. However, because the parties have fully briefed the issue, the court will treat defendants' memorandum as a motion to disallow costs contemplated by W.D. Mich. LCivR 54.1.

## II. Plaintiffs' Bill of Costs

Allowable costs are set forth in 28 U.S.C. § 1920, which provides as follows:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 . The court will address each item of plaintiffs' requested costs below.

### A. Fees of the Clerk

Plaintiffs seek the $250.00 filing fee paid to the Clerk of the Court. Filing fees are recoverable as costs. *See National Truck Equipment Association v. National Highway Traffic Safety Administration*, 972 F.2d 669, 674 (6th Cir. 1992). Accordingly, the court plaintiffs' request for the $250.00 amount claimed for filing fees will be granted.

### B. Fees for service of summons and subpoena

Plaintiffs seek a "process fee" of $150.00 paid to the Civil Action Group, dba APS International, Ltd., for "same day" service of process on defendants. *See* docket no. 139-2. Defendants object to taxing this fee as an unnecessary cost. This court has previously held that "fees

for private process servers are not taxable under § 1920." *Pion v. Liberty Dairy Company*, 922 F. Supp 48, 53 (W.D. Mich. 1996). Accordingly, plaintiffs' request for the $150.00 for service of process will be denied.

### C. Court reporter fees

Plaintiffs seek two types of fees. First, plaintiffs seek $3,462.78 for the deposition transcripts of: defendant Andrew Milligan; non-parties James Huttner, Roosevelt Tillman and Sean Callaghan; and plaintiffs/counter-defendants Patrick Eddy, John Kotwick, Ryan Heidenfeld, Mark Longcore and Joseph Szyperski. *See* docket no. 139-2. Second, plaintiffs seek $8,725.00 for expedited trial transcripts. *Id.*

#### 1. Deposition transcripts

##### a. The Milligan and Huttner transcripts

"Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party. Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). The court finds that plaintiffs are entitled to the costs associated with the depositions of both Milligan ($1,739.22) and Huttner ($836.01). Both of these witnesses were critical to plaintiffs' case. While defendants urge the court to reduce the deposition costs by the components of the court reporter's invoice (i.e., separate charges for attendance, video charges, "original and condensed" transcripts and delivery fee), the court finds no reason to do so. The depositions were necessary and the charges were reasonable. Accordingly, plaintiffs' request for $ 2,575.23 for the Milligan and Huttner depositions will be granted.

Plaintiffs also seek $887.55 for copies of the depositions of non-parties Tillman and Callaghan, and the individual plaintiffs. Defendants object on the ground that the depositions, taken by defendants, were "merely investigative, preparatory, or useful for discovery." The court agrees with plaintiffs that these deposition were necessary for preparation of this case. The parties cited testimony from the depositions of Tillman, Callaghan, Szyperski, Eddy, Heidenfeld and Longcore during the summary judgment stage. *See* docket nos. 60, 69 and 72. The court relied on these depositions to resolve the motion for summary judgment. *See, e.g.*, *Miles Farm Supply, LLC v. Helena Chemical Co.*, No. 4:06-cv-23, 2008 WL 4561574 (W.D. Ky. Oct. 10, 2008) (party entitled to cost for copies of depositions where the parties and the court relied on depositions to resolve a summary judgment motion). In addition, the court considers the depositions of Kotwick and Longcore to be necessary for preparation of this case. While the parties stipulated to the dismissal these two plaintiffs, they did so only after taking the Kotwick and Longcore depositions. *See* docket nos. 54, 55 and 139-2. Accordingly, plaintiffs' request for $887.55 for copies of the depositions of Tillman, Callaghan, Eddy, Kotwick, Heidenfeld, Longcore and Szyperski will be granted.

    **2.**    **Expedited trial transcripts**

Plaintiffs seek $8,725.00 for the expedited or daily trial transcripts because they needed the transcripts to respond to defendants' motion for directed verdict and defendants' motion for judgment as a matter of law. The court has the discretion to consider whether the cost of daily trial transcripts was necessary for the preparation of the case. *See White & White, Inc. v. American Hospital Supply Corporation*, 786 F.2d 728, 731-32 (6th Cir. 1986). "As a general rule, daily trial transcript costs should not be awarded absent court approval prior to the trial." *Manildra Milling Corporation v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1184 (Fed. Cir. 1996). In determining whether

daily trial transcripts are necessary, courts take into consideration such matters as whether time was of the essence, *see Electronic Specialty Company v. International Controls Corporation*, 47 F.R.D. 158, 160-61 (S.D. N.Y. 1969) (daily rate allowed for a lengthy and complex court hearing where time was of the essence due to an upcoming stockholders' meeting and the desire of the parties to expedite an appeal) and whether it was a complex case where "both parties benefited from a ready reference to earlier testimony," *see Bass v. Spitz*, 522 F. Supp. 1343, 1358 (E.D. Mich. 1981). Plaintiffs have not shown that time was of the essence in this case or that this case was so complex that both parties would benefit from a ready reference to daily transcripts of the trial testimony. There is no question that it would be convenient for all parties to obtain a daily transcript at every trial. However, in this instance, the court concludes that expedited daily transcripts were not so critical to this litigation as to deem them necessary. Accordingly, plaintiffs' request for $ 8,725.00 for expedited or daily trial transcripts will be denied.

### D. Fees for exemplification and copies

Plaintiffs seek $2,062.18 for exemplification fees and copies. Defendants do not object to the costs of photographs of hard exhibits for trial books ($120.00), copies of photographs for trial books ($1,269.88), or copies of trial exhibits ($567.90). *See* docket no. 139-2. Defendants sole objection is to the cost for document production during discovery ($104.40).[2] The court finds that plaintiffs are entitled to the cost of document production. Section 1920(4) "authorizes costs for photocopying of documents necessary for maintenance of the action, including copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies

---

[2] Defendants refer to this cost as amounting to $672.30. It appears that defendants have included the cost of copies of trial exhibits ($567.90) with the cost of document production during discovery ($104.40). *See* Defendants' Memorandum in opposition at p. 4 (docket no. 132).

of exhibits, and documents prepared for the court's consideration." *Jordan v. Vercoe*, No. 91-1671, 1992 WL 96348 at *1 (6th Cir. May 7, 1992). Defendant has not demonstrated that the amount at issue, $104.40, is excessive. Accordingly, plaintiffs' request for $2,062.18 for exemplification fees and copies will be granted.

### E. Mediator fees

Plaintiffs seek "mediator fees" in the amount of $1,808.00. Section 1920 does not list mediator fees or mediation fees as a taxable cost. *See, e.g., Cook Children's Medical Center v. New England PPO of General Consolidated Management, Inc.*, 491 F.3d 266, 274-77 (5th Cir. 2007) (§ 1920 does not explicitly authorize mediation fees as taxable costs) (listing cases); *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782-83 (8th Cir. 2002) (noting that § 1920 does not list mediation fees as a taxable cost); *Coast Foods, Inc. v. Lu-Mar Lobster and Shrimp, Inc.*, 260 F.3d 1054, 1061 (9th Cir. 2001) ("nothing in 28 U.S.C. § 1920 provides for the costs of a mediator"). Accordingly, plaintiffs' request for $1,808.00 for mediator fees will be denied.[3]

### III. Conclusion

For these reasons, plaintiffs are entitled to the following costs: Filing fees in the amount of $250.00; Deposition transcripts of Milligan and Huttner in the amount of $2,575.23; Copies of other depositions (Tillman, Callaghan, Eddy, Kotwick, Heidenfeld, Longcore and Szyperski) in the amount of $887.5; and Exemplification fees and copies in the amount of $2,062.18, for total costs of $5,774.91. Accordingly, plaintiffs' bill of costs (docket no. 139) is **GRANTED IN PART** in the amount of **$5,774.91**. The remaining requested costs are **DENIED.**

---

[3] Plaintiffs' reliance on the court's decision in *Renfro v. Indiana Michigan Power Co.*, No. 1:99-cv-877, 2007 WL 710138 at *1, *4 (W.D Mich. March 6, 2007), is misplaced. In *Renfro*, the court allowed a $95.00 mediation fee as a cost. However, this order is of no effect, having been vacated after the district court's decision was reversed on appeal. *See Renfro*, 2008 WL 544963 (W.D Mich. Feb. 25, 2008).

**IT IS SO ORDERED**.

Dated:  March 16, 2010                                          /s/ Hugh W. Brenneman, Jr.
                                                                                HUGH W. BRENNEMAN, JR.
                                                                                United States Magistrate Judge